431 P.2d 130

**Steve AMICONE, Plaintiff and Appellant,**

**v.**

**KENNECOTT COPPER CORPORATION,
Defendant and Respondent.**

**No. 10736.**

Supreme Court of Utah.

Sept. 6, 1967.

**298**

Hanson & Garrett, Salt Lake City, for appellant.

Parsons, Behle, Evans & Latimer, Salt Lake City, for respondent.

CALLISTER, Justice:

Plaintiff brought this action to establish his claim to certain benefits provided in defendant's, Kennecott Copper Corporation retirement plan for salaried employees. The case was tried to a jury and submitted on instructions and special interrogatories. The trial court determined that the answers favored defendant and entered judgment in its favor and plaintiff appeals.

The claim of plaintiff is premised on the provisions in the plan granting benefits to employees who are permanently and totally disabled. The plan is "noncontributory"— initiated and sustained by the defendant employer. Among other things, the plan provides that an employee, to qualify for retirement benefits for being permanently and

totally disabled, must (1) have completed ten years or more of continuous service to the date that his employment ceases, and (2) have his permanent and total disability established in the opinion of a qualified physician designated by the defendant. The plan defines permanent and total disability in the following terms:

> Permanent and total disability for the purposes of the Plan means disability by bodily injury or disease which prevents the Employee from engaging in any occupation or employment whatsoever for remuneration or profit, and which disability, in the opinion of a qualified physician appointed by the corporation, will be permanent and continuous during the remainder of the Employee's lifetime
> * * *

Plaintiff has more than fulfilled the first requirement—more than ten years of continuous service, principally performing manual labor. However, he has failed to fulfill the second requirement—the opinion of the company-designated physician, Dr. E. B. Kuhe, that he was permanently and totally disabled. After examining the plaintiff, Dr. Kuhe reported to the company that plaintiff would never be able to do hard manual labor, but could perform clerical work, light bench work, watchman or guard duties. He concluded that defendant was not totally disabled.

At the trial three physicians testified—Dr. Kuhe, Dr. Mark H. Greene (plaintiff's personal physician), and Dr. Boyd G. Holbrook. All three witnesses testified substantially the same, i. e., that plaintiff could perform all types of manual labor that did not involve excessive stooping, lifting and twisting.

It was revealed at the trial that, four days after plaintiff's employment was terminated (January 19, 1965), he joined a bowling league; he bowled 42 games during the remainder of the season, averaging 175 per game. He obtained employment in October, 1965, as a supervisor with a neighborhood youth corps. He performed satisfactorily for about 2½ months when he sustained an injury. Upon cross-examination, plaintiff conceded that there were types of gainful employment within his physical and mental capacities.

Plaintiff urges this court to interpret "permanent and total disability" the same as it did in Colovos v. Home Life Insurance Co. of New York,[1] i. e., whether the plaintiff is so disabled that he is prevented from engaging in any occupation and performing any work substantially the same kind and nature as he was accustomed and able to perform prior to the time he became afflicted with the claimed disability. In that case, the court was interpreting the meaning of terms contained in a *presently sub-*

---

1. 83 Utah 401, 28 P.2d 607 (1934).

*sisting contract*—a health and accident insurance policy.[2]

In the instant case, the retirement plan is in the nature of a unilateral contract. The defendant made an offer to its salaried employees, in the form of a promise, for the completion of certain acts by them, and only when these acts were completed would there be a binding contract. The plaintiff did not perform all of the acts or conditions required. Namely, he did not qualify as being permanently and totally disabled as required by the terms of the plan. Therefore, there was no binding contract and he is not entitled to benefits under the plan.[3]

This court has had occasion to review pension plans similar in import to the instant one and has observed that the employee's right is inchoate and not vested until all of the conditions are fulfilled.[4] In the Driggs case, Mr. Justice Wolfe, in a concurring opinion, stated:

> * * * When the employer promises to his employees prospective periodic payments to commence after a certain term

of service and upon the fulfillment of other conditions, it constitutes an offer which ripens into a contract upon the fulfillment of those conditions; the fulfillment of the conditions which brings the contract into being at the same time constitutes a performance of said contract on the part of the employee. * * *

Defendant, in initiating the retirement plan, had the prerogative to include certain conditions or requirements in its offer with which the employee would have to comply to constitute an acceptance and thus be entitled to the benefits. The opinion of a qualified physician, designated by defendant, that the employee was permanently and totally disabled was such a condition or requirement. In the absence of such an opinion, it is incumbent upon the employee to show bad faith, fraud, mistake, arbitrariness, or the like in order to excuse him from the fulfillment of this requirement.[5]

The trial court erred in submitting the question of disability to the jury. The plaintiff presented no evidence, whatsoever, that the defendant or its designated physician was guilty of fraud, bad faith, etc., in

---

2. The court stated at p. 409 of the Utah Report, p. 610 of 28 P.2d: " * * * The strict construction defined by appellant would defeat the purpose of the contract of insurance so far as the insured would be concerned, and would permit the insurance company to collect the benefits of the contract, with but remote possibilities of ever being called upon to disburse any benefits. * * * "

3. Siegel v. First Pennsylvania Banking and Trust Co., 201 F.Supp. 664 (D.C., E.D. Pa., 1961).

4. Schofield v. Zion's C.M.I., 85 Utah 281, 39 P.2d 342, 96 A.L.R. 1083 (1934); Driggs v. Utah State Teachers Retirement Board, 105 Utah 417, 142 P.2d 657 (1943).

5. Menke v. Thompson, 140 F.2d 786 (C.A. 8th, 1940); 42 A.L.R.2d 474, § 7(b).

the determination that plaintiff was not permanently and totally disabled. Since plaintiff failed to establish that he had satisfied the necessary prerequisites of eligibility to enforce his rights under the plan, the court below should have granted defendant's motion for a directed verdict.

In view of the foregoing, it is not necessary to consider plaintiff's contention that the jury's answers to the interrogatories were inconsistent.

Affirmed. Costs to defendant.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.