AUERBACH'S, INC., Plaintiff
and Respondent,

v.

Ernest C. KIMBALL, Defendant
and Appellant.

No. 14990.

Supreme Court of Utah.

Nov. 15, 1977.

Joseph C. Fratto, Salt Lake City, for defendant and appellant.

Stephen G. Morgan of Morgan, Scalley, Lunt & Kimble, Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

On appeal is a summary judgment in favor of Auerbach's and against Kimball on his counter-claim—the only part of the lawsuit before us. We reverse and remand with instructions to allow Kimball to complete his discovery. Costs to Kimball. All statutory references are to U.C.A.1953.

Kimball alleged the right to a pension of $50 per month for life. This was conditioned, upon his remaining in the employ of Auerbach's for 20 years; and until his 65th birthday. This claim is grounded upon an asserted oral promise of Auerbach's personnel manager; made at the inception of Kimball's employment. Kimball was employed by Auerbach's for 38 years. It is undisputed Auerbach's asserts the payment is voluntary,[1] and is thus subject to termination at any time.[2]

After several continuances the trial was set for September 13, 1976. On September 10, Auerbach's was served with a subpoena duces tecum requesting certain documents, relating to their pension or retirement plan, be brought to court. On the day of trial, Auerbach's filed a motion for summary judgment with a notice of hearing for 10 days following, and the trial was continued until February 3, 1977. Thereupon, Kimball served a third set of interrogatories and requests for documents, including a request to produce "any resolution by the board of directors" regarding the payment of $50 per month to qualified employees. The hearing on the motion for summary judgment was continued until October 14, and on October 8, Kimball filed his motion to strike, on the ground discovery had not been completed. This motion the court denied.

■ The granting of the motion for summary judgment was premature, because Kimball's discovery was not then complete. It was the information sought in the proceedings for discovery, which Kimball claimed would infuse the issues with facts sufficient to defeat a motion for summary judgment, and sustain his counter-claim. Whether such would be the case can not now be determined, because such facts, if they exist, were not allowed to be discovered.

■ When a motion is made opposing summary judgment, on the ground discovery has not been completed, the court should grant a continuance or deny the motion for summary judgment; unless the motion in opposition is deemed dilatory or without merit. If the motion for summary judgment is denied, the denial should be without prejudice to its renewal; after an elapse of adequate time for completion of discovery.[3]

Auerbach's asserted as an affirmative defense the statute of frauds, Sec. 25–5–4(1), viz., "Every agreement that by its terms is not to be performed within one year from the making thereof."

■ Promises in unilateral contracts are not within this section, no matter how long the time for performance may take.[4]

1. In this connection see *Schofield v. Zion's Co-Op Mercantile Institution,* 85 Utah 281, 39 P.2d 342, 343 (1934) where the same assertion was unsuccessfully made.

2. Auerbach's claims to have terminated such a program by letter, to its employees, dated April 26, 1971.

3. *Strand v. Associated Students of the University of Utah,* Utah, 561 P.2d 191 (1977).

4. Restatement, Contracts, Sec. 198, Comment a.

This court has consistently characterized a pension program, such as claimed by defendant, as an offer which ripens into a contract upon the fulfillment of conditions by the performance of the employee.[5] Kimball places reliance on *Schofield,* and we quote a pertinent provision:

. . . The offer is such cases constitutes a promise for a completed act, and once the act is completed by the acceptor the offer cannot be modified or withdrawn. It becomes a binding contract. Such is the case in actions brought to recover bonuses offered to employees in consideration of their remaining in the service of the employer for a stipulated period of time or for doing a stipulated amount of business for the employer. Once the conditions of the employment and bonus offer have been fulfilled, they are uniformly held to be binding.[6]

According to Kimball this offer was extended to him by Auerbach's in the 1950's. Auerbach's contends it revoked the offer on April 26, 1971. Since Kimball had performed a substantial part of the performance requested in Auerbach's alleged offer, the offeror could not withdraw the offer, and would be bound by its promise.[7]

Auerbach's asserted the statute of limitations in 78–12–25(1), viz., "An action upon a contract, obligation or liability not founded upon an instrument in writing; . . .."

Auerbach's characterizes the withdrawal of its offer on April 26, 1971, as an anticipatory breach and claims the four-year statute of limitations began to run at this time. It's defense is predicated upon the theory that an oral contract was in existence. In fact, there was no binding contract. Auerbach's had incurred no liability, and had no duty to perform; until Kimball accepted the offer by performance of the stated conditions. According to the alleged agreement, defendant was required to work for plaintiff for at least twenty years and until the age of 65. Until Kimball had accepted Auerbach's offer by performance of the requisite act, Auerbach's had no liability upon a contract or obligation.

Since the grounds upon which the summary judgment was granted cannot be sustained, the matter is reversed and remanded for trial.

ELLETT, C. J., and WILKINS, J., concur.

CROCKETT and HALL, JJ., concur in result.

5. *Schofield v. Zion's Co-Op Mercantile Institution,* 85 Utah 281, 39 P.2d 342 (1934); *Driggs v. Utah Teachers Retirement Board,* 105 Utah 417, 142 P.2d 657 (1943); *Amicone v. Kenne-* *cott Copper Corp.,* 19 Utah 2d 297, 431 P.2d 130 (1967).

6. At p. 287 of 85 Utah, at p. 344 of 39 P.2d.

7. Restatement, Contracts, Sec. 45, 90.