Tom SNYDER, Wendell K. Nash, for themselves and all other Uintah County Taxpayers similarly situated, Plaintiffs and Appellants,

v.

Roland MERKLEY, Neal Domgaard, and Merrell Mechem, Uintah County Commissioners, Morris B. Cook, Uintah County Clerk Auditor, and Western Surety Co., Defendants and Respondents.

No. 18979.

Supreme Court of Utah.

Oct. 18, 1984.

Alvin G. Nash, Vernal, for plaintiffs and appellants.

Mark W. Nash, John R. Anderson, Vernal, for defendants and respondents.

HALL, Chief Justice:

Plaintiffs Tom Snyder and Wendell K. Nash filed this action on behalf of themselves as taxpayers and all other taxpayers of Uintah County against the Uintah County commissioners as individuals, against

the Uintah County clerk-auditor as an individual, and against Western Surety, the bonding company for the county officials. The complaint alleged that the commissioners had illegally approved the expenditure of funds for certain attorney fees. The district court entered summary judgment against plaintiffs. We affirm.

On December 5, 1980, members of the Uintah County sheriff's office and the Vernal City police department lawfully arrested one Carol Newman. Following her arrest, Newman accused the arresting officers of attempted rape. These allegations were widely reported by the news media. An official investigation of the charges was undertaken by the Salt Lake County sheriff's department and the Vernal City police department. The investigation did not produce any evidence to support Newman's accusations.

As a result of the widespread media attention given to Newman's charges, morale problems developed in the sheriff's department, and public confidence in the officers was shaken. The individual officers decided to file a defamation suit against Newman, which Vernal City joined. The Uintah County commissioners met several times and decided that it would be in the best interest of the public to support the officers in their lawsuit. The commission authorized the expenditure of $1,125 for attorney fees to assist the officers in the lawsuit. The commissioners subsequently determined that the county as an entity should not be a party to the lawsuit and so informed the attorney for the officers. A lawsuit was filed by the officers against Newman and a default judgment was entered against her.

The plaintiffs in this case filed suit against the individual county commissioners and the clerk-auditor, claiming that the authorization and expenditure of the $1,125 was illegal. The plaintiffs requested the district court to issue an injunction restraining the commissioners from approval of further funds to prosecute the defamation suit and asked the court for judgment against the commissioners and the clerk-auditor as individuals and against their bonding company for repayment of the $1,125 already expended.

The district court granted summary judgment for the defendants concluding that the defendants were entitled to judgment as a matter of law since, among other reasons, individual county officials cannot be held personally liable for discharge of discretionary duties where there is no allegation and proof of bad faith, fraud or corruption.

■ Summary judgment is proper only if the pleadings, depositions, affidavits and admissions submitted in a case show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.[1] It should be granted only when it clearly appears that there is no reasonable probability that the party moved against could prevail.[2] There is no reasonable probability that the plaintiffs could prevail in this case.

■ Public officials as individuals are protected by a qualified immunity from suits growing out of the performance of discretionary duties [3] as long as they are acting in good faith and are not guilty of any intentional or willful wrongdoing.[4] A discretionary duty is one that requires the exercise of judgment or requires choice of alternatives in its performance.[5] The decision as to how to best inspire or promote public faith in county law enforcement officers is thus clearly a discretionary duty. Therefore, absent allegations of bad faith, fraud or collusion, personal liability cannot

**1.** Utah R.Civ.P. 56(c); *Bangerter v. Poulton,* Utah, 663 P.2d 100 (1983).

**2.** *Frisbee v. K & K Constr. Co.,* Utah, 676 P.2d 387 (1984).

**3.** This is not a case which falls under the Utah Governmental Immunity Act, U.C.A., 1953,

§ 63–30–1, *et seq.,* since there is no injury here as defined by U.C.A., 1953, § 63–30–2(6).

**4.** *Utah State Univ. v. Sutro & Co.,* Utah, 646 P.2d 715 (1982).

**5.** *Logan City v. Allen,* 86 Utah 375, 44 P.2d 1085 (1935). '

be imposed on county officials.[6] In this case, plaintiffs' complaint raises no questions as to any of these motives and the documents submitted provide no support for such charges. Therefore, plaintiffs had no cause of action against the county officials as individuals and summary judgment was proper.

HOWE, and DURHAM, JJ., and GEORGE E. BALLIF, District Judge, concur.

STEWART, J., dissents.

ZIMMERMAN, J., does not participate herein.

---

**6.** *See Salt Lake County v. Clinton,* 39 Utah 462, 117 P. 1075 (1911).