**Joella A. SPRUELL, for herself and all other Vernal City taxpayers similarly situated, Plaintiff and Appellant,**

v.

**Sam SNYDER, Mayor; John Stagg, Gene Anfinson, Jack Seitz, Karl Migliori, Greg Hawkins, City Councilmen of Vernal City; Dixie B. Hacking, Recorder of Vernal City; and Western Surety Co., Defendants and Respondents.**

**No. 18980.**

Supreme Court of Utah.

Oct. 18, 1984.

Alvin G. Nash, Vernal, for plaintiff and appellant.

Mark W. Nash, John R. Anderson, Vernal, for defendants and respondents.

HALL, Chief Justice:

Plaintiff Joella A. Spruell filed this action on behalf of herself as a taxpayer and all other taxpayers of Vernal City against the mayor and city councilmen of Vernal as individuals, against the Vernal City recorder as an individual and against Western Surety, the bonding company for the city officials. The complaint alleged that the Vernal City Council illegally approved the disbursement of public funds to pay the expenses of a lawsuit brought by individuals and Vernal City. The district

---

**6.** *See Salt Lake County v. Clinton,* 39 Utah 462, 117 P. 1075 (1911).

court entered summary judgment against the plaintiff. We affirm.

After a lawful arrest made by officers from the Uintah County sheriff's office and the Vernal City police department, the arrestee, Carol Newman, made various public accusations against the officers, alleging sexual assault. These allegations were widely disseminated by the news media. Because the alleged conduct of the officers would have involved criminal acts, if true, the Vernal City police department and the Salt Lake County sheriff's department, at the request of Vernal City, undertook an official investigation. Neither investigation produced any evidence of improper action by the arresting officers.

As a result of the wide dissemination of the accusations by the media, morale in the police department seriously deteriorated and public confidence in the officers was shaken. The officers filed a defamation suit against Newman. After consulting with the city attorney and the officers' attorney, the City Council decided that the best interests of the city and the public would be served by joining the legal action. The council thereupon authorized the expenditure of $1,875 for legal expenses.

The plaintiff in this case filed suit against the city councilmen and the city recorder as individuals, claiming that the authorization and expenditure of public funds on the lawsuit was illegal. The plaintiff requested the district court to enjoin the City Council from approving further funds for the lawsuit and asked for a judgment against the individuals, requiring repayment of the $1,875 already expended.

The district court granted summary judgment for the defendants, finding that there was no genuine issue as to any material fact and that the defendants were entitled to judgment as a matter of law since public officials acting within the scope of their official duties cannot be held personally liable where there is no allegation and proof of bad faith, fraud or corruption. We agree.

As we said in *Snyder v. Merkley*, Utah, 693 P.2d 64 (1984), a companion case to this action, absent allegations of bad faith, fraud or collusion, personal liability cannot be imposed on city officials for acts done in the course of the performance of discretionary duties. There are no allegations of bad faith, fraud or collusion in plaintiff's complaint, and the record provides no support for such charges. Therefore, the plaintiff had no cause of action against the city officials as individuals, and summary judgment was proper. Affirmed.

GEORGE E. BALLIF, District Judge, concurs.

STEWART, J., concurs in the result.

ZIMMERMAN, J., does not participate herein.

HOWE, Justice (concurring and dissenting):

I concur in the affirmance of the summary judgment against the plaintiff insofar as she sought repayment of the $1,875 already expended. However, she also sought to enjoin the city council from approving further funds for the lawsuit. She should not have been cut short by a summary judgment against her on that portion of her complaint. She should have been allowed to present her evidence and have the trial court decide the lawfulness of any future expenditure of public funds to finance the defamation suit filed by the police officers against Newman.

DURHAM, J., concurs in the concurring and dissenting opinion of HOWE, J.