David CALLIOUX and Lori Callioux, his wife, Plaintiffs and Appellants,

v.

PROGRESSIVE INSURANCE COMPANY, a corporation, Defendant and Respondent.

No. 860309–CA.

Court of Appeals of Utah.

Nov. 18, 1987.

Anthony M. Thurber, Salt Lake City, for appellants.

Roger P. Christensen, Robert K. Hilder, Salt Lake City, for respondent.

## OPINION

Before BILLINGS, GREENWOOD and BENCH, JJ.

BILLINGS, Judge:

Appellants David and Lori Callioux ("the Callioux") filed suit against respondent Progressive Insurance Company ("Progressive") alleging bad faith denial of a first-party insurance claim, malicious prosecution, and intentional infliction of emotional distress. The district court denied the Callioux' motion for continuance and granted Progressive's motion for summary judgment, from which the Callioux appeal. We affirm.

## FACTUAL BACKGROUND

The Callioux, Progressive's insured, filed a claim under their automobile insurance policy for the total loss of their Jeep vehicle. The Callioux claimed their vehicle went into an uncontrollable skid, rolled down a hill, and subsequently burned. Progressive conducted its own investigation and also hired an arson expert, James Ashby of Global Investigations ("Ashby"). Ashby concluded the loss was of incendiary origin, occurring by or at the direction of David Callioux. Progressive subsequently denied the Callioux' claim.

Pursuant to Utah Code Ann. § 63-29-24(2) (1987), Progressive reported the Callioux fire to the State Fire Marshal. The State Fire Marshal's office investigated the fire, determined the fire to be of incendiary origin, and reported the findings to the Sevier County Attorney. Based upon the State Fire Marshal's report, and an independent investigation by the Sevier County Attorney's office, the Sevier County Attorney instituted felony criminal charges against David Callioux for arson and attempt to defraud an insurer. After a

finding of probable cause, David Callioux was bound over for trial.

Following trial, the jury returned a verdict of not guilty. Progressive then paid the Callioux' claim in full. Thereafter, the Callioux brought this action against Progressive.

The Callioux timely commenced discovery, scheduling depositions of Lorraine Collins of the State Fire Marshal's office and James Ashby of Global Investigations for April 8, 1985. At the request of Progressive's counsel, the depositions were rescheduled to May 14, 1985, and then to May 20, 1985.

After requesting the rescheduling of the depositions, on April 26, 1985, Progressive filed a motion for summary judgment and noticed it for hearing on Monday, May 13, 1985. Late on the Friday afternoon before the Monday hearing on the summary judgment motion, the Callioux filed a motion for continuance under Rule 56(f) of the Utah Rules of Civil Procedure. In the motion, the Callioux' counsel stated that depositions of Progressive's claims adjuster and arson specialist were scheduled to occur after the summary judgment hearing date, and were "expected to produce matter essential to resolution of defendant's motion." The Callioux' counsel did not file an affidavit, but he stated, in his motion, "plaintiffs are unable within the time allowed to produce necessary opposing affidavits in advance of the scheduled hearing."

The court, after hearing argument on both motions, granted Progressive's motion for summary judgment. This appeal ensued.

Two issues are presented on appeal: (1) Was the Callioux' Rule 56(f) motion for continuance properly denied because they did not file accompanying affidavits specifying the facts they believed further discovery would produce which would defeat Progressive's motion? (2) Was summary judgment against the Callioux on their claims for bad faith denial, malicious prosecution, and intentional infliction of emotional distress proper?

## I. STANDARD OF REVIEW

We review the facts and inferences in the light most favorable to the Callioux, the parties against whom the judgment was granted. *Durham v. Margetts*, 571 P.2d 1332, 1334 (Utah 1977). Summary judgment should be granted only when it is clear from the undisputed facts that the opposing party cannot prevail. *Frisbee v. K & K Construction*, 676 P.2d 387, 389 (Utah 1984); *Larson v. Wycoff*, 624 P.2d 1151, 1153 (Utah 1981). However, summary judgment is available and should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Olwell v. Clark*, 658 P.2d 585, 586 (Utah 1982). Generally, summary judgment should not be granted if discovery is incomplete since information sought in discovery may create genuine issues of material fact sufficient to defeat the motion. *Auerbach's, Inc. v. Kimball*, 572 P.2d 376, 377 (Utah 1977). However, a court should deny a motion to continue if the motion opposing summary judgment is dilatory or without merit. *See id.*

## II. RULE 56(f), UTAH RULES OF CIVIL PROCEDURE

The first issue we must address is whether the trial court erred in denying the Callioux the opportunity to conduct further discovery prior to the entry of summary judgment.

Rule 56(f) provides that, a party opposing summary judgment may submit an affidavit stating the reasons why he is presently unable to present evidentiary affidavits essential to support his opposition to summary judgment. A commentator has succinctly described the Rule 56(f) standard:

The mere averment of exclusive knowledge or control of the facts by the moving party is not adequate: the opposing party must show to the best of his ability what facts are within the movant's exclusive knowledge or control; what steps have been taken to obtain the desired information pursuant to discovery procedures under the Rules; and that he is

desirous of taking advantage of these discovery procedures.

2 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice par. 56.24 (2d ed. 1987).

In *Cox v. Winters*, 678 P.2d 311, 312–14 (Utah 1984), the Utah Supreme Court delineated several factors to consider under Rule 56(f): (1) Were the reasons articulated in the Rule 56(f) affidavit "adequate" or is the party against whom summary judgment is sought merely on a "fishing expedition" for purely speculative facts after substantial discovery has been conducted without producing any significant evidence? (2) Was there sufficient time since the inception of the lawsuit for the party against whom the summary judgment is sought to use discovery procedures, and thereby cross-examine the moving party? (3) If discovery procedures were timely initiated, was the non-moving party afforded an appropriate response?

A majority of federal cases interpreting an identical Rule 56(f) hold that "filing an affidavit is necessary for the preservation of a Rule 56(f) contention that summary judgment should be delayed pending further discovery." *Mid–South Grizzlies v. National Football League*, 720 F.2d 772, 780 n. 4 (3d Cir.1983); *see Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 832 (10th Cir.1986). Although the courts recognize that this requirement should be applied liberally, the courts are also unwilling to "spare the litigants from their own lack of diligence." *Hebert v. Wicklund*, 744 F.2d 218, 222 (1st Cir.1984) (citations omitted). In accord with this view the Utah Supreme Court recently refused to consider an argument that further discovery was necessary when the appellant had failed to file a Rule 56(f) affidavit. *Jackson v. Layton City*, 743 P.2d 1196, 1198, 66 Utah Adv.Rep. 21, 22 (1987).

■ Furthermore, even if a party does file an affidavit or the court is willing to consider other material in place of an affidavit, the opposing party must nevertheless explain how the continuance will aid his opposition to summary judgment. *Pasternak v. Lear Petroleum Explora-*

*tion, Inc.*, 790 F.2d at 833 (citations omitted). In explanation, "the party opposing the motion must present facts in proper form.... And the opposing party's facts must be material and of a substantial nature." 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice par. 56.15[3] (2d ed. 1987).

■ Applying the foregoing legal principles, we find the district court properly denied the Callioux' motion for continuance. Progressive filed its motion for summary judgment on April 26, 1985, accompanied by the affidavits of Lorraine Collins, James Ashby, and R. Don Brown, County Attorney for Sevier County. The hearing was scheduled for May 13, 1985. The Callioux were afforded ample time between April 26 and May 13, 1985 in which to properly oppose the motion. Instead, the Callioux' counsel delayed any action until 4:57 p.m. the Friday afternoon before the Monday hearing on the summary judgment motion, when he filed a motion for continuance.

The Callioux' motion for continuance made a conclusory claim of need for further discovery, but was not accompanied by the required Rule 56(f) affidavit setting forth the reasons why they could not present "facts essential to justify their opposition...." Even if the Callioux' motion was to be accepted as a Rule 56(f) affidavit, their motion fails to articulate any material area of inquiry they intended to pursue by deposition with the claims adjuster and arson specialist. The Callioux' conclusory assertion that the scheduled depositions were "expected to produce matter essential to resolution of defendant's motion" smacks of a "fishing expedition" for purely speculative facts. *See Cox v. Winters*, 678 P.2d at 314. Although the sufficiency of time to utilize discovery proceedings prior to the hearing is a factor to consider, the Callioux did not specify any areas of inquiry not specifically set forth in the filed affidavits. If the most that can be hoped for is a chance to discredit the affiants' statements or focus on demeanor, no question of material fact is presented. *Modern Home Institute, Inc. v. Hartford Accident & In-*

**842**

*demnity Company,* 513 F.2d 102, 110 (2nd Cir.1975).

The events which led to this lawsuit occurred in January 1983, more than two years prior to the motion for summary judgment. Acting as counsel for David Callioux in his criminal case, counsel was not unfamiliar with the subject matter of the suit and had been afforded ample opportunity to discover and present evidence in opposition to Progressive's motion for summary judgment.

Under the totality of circumstances, the trial court properly denied the Callioux' motion for continuance.

### III. SUMMARY JUDGMENT

Next, we must determine if the undisputed facts properly before the trial court establish as a matter of law that the Callioux could not have established their claims of a bad faith denial of a first-party insurance claim, malicious prosecution, and intentional infliction of emotional distress.

#### A. *Bad Faith Denial of a First–Party Insurance Claim*

The Utah Supreme Court has found the nature of the relationship between a first-party insurer and its insured to be contractual, rather than fiduciary. *Beck v. Farmers Ins. Exchange,* 701 P.2d 795, 801 (Utah 1985). Because the considerations are similar, the supreme court found it proper to examine tort cases in this area and concluded

> the implied obligation of good faith performance contemplates, at the very least, that the insurer will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling the claim.

*Id.*

■ If the evidence presented creates a factual issue as to the claim's validity, there exists a debatable reason for denial, thereby legitimizing the denial of the claim, and eliminating the bad faith claim. "When a claim is fairly debatable, the insurer is entitled to debate it, whether the debate concerns a matter of fact or law." *McLaughlin v. Alabama Farm Bureau Mutual Cas. Ins. Co.,* 437 So.2d 86, 90 (Ala.1983) (citations omitted).

■ This general policy was explained by the Utah Supreme Court in *Western Casualty & Surety Co. v. Marchant,* 615 P.2d 423, 427 (Utah 1980):

> It would not comport with our ideas of either law or justice to prevent any party who entertains bona fide questions about his legal obligations from seeking adjudication thereon in the courts.

*See, e.g., Hoosier Ins. Co., Inc. v. Mangino,* 419 N.E.2d 978, 987 (Ind.Ct.App.1981) (reversal of bad faith penalties because the evidence presented a triable issue of fact regarding arson). An expert's report generally provides a good faith basis for an insurer's defense of a bad faith claim. *See First of Georgia Ins. Co. v. Worthington,* 165 Ga.App. 303, 299 S.E.2d 567, 571 (1983).

■ With the foregoing principles in mind, we conclude the undisputed facts before the court demonstrate that the Callioux could not have established their claim that Progressive in bad faith denied their first-party insurance claim. The Callioux' claim for insurance was fairly debatable, as indicated by a judicial finding of probable cause when David Callioux was bound over for trial for arson and insurance fraud, and again when the issue of his guilt or innocence was submitted to the jury at the conclusion of the trial. Both of these findings of probable cause support Progressive's suspicion that the fire which destroyed the Jeep was of incendiary origin by or at the direction of David Callioux. In addition, Ashby, the independent expert hired by Progressive, also concluded arson was the cause of the fire. A final indication of Progressive's lack of bad faith in denying the Callioux' claim is that, upon David Callioux's acquittal for arson and insurance fraud, Progressive immediately paid the claim in full.

#### B. *Malicious Prosecution*

■ Another issue on appeal is whether the trial court erred in concluding as a

matter of law that the Callioux could not have proved their claim for malicious prosecution.

 The elements necessary for a claim of malicious prosecution are summarized in W. Prosser & W. Keeton, Law of Torts § 119 (5th ed. 1984): (1) A criminal proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the accused; (3) absence of probable cause for the proceeding; (4) "malice," or a primary purpose other than that of bringing an offender to justice. The absence of any one of the four elements is fatal to the cause of action. *Rose v. Whitbeck*, 277 Or. 791, 562 P.2d 188, 190 (1977). The Callioux established only one element: the criminal proceeding did terminate in David Callioux's favor.

Proof that a party instituted the criminal proceeding requires a showing that the party was "actively instrumental in putting the law in force." *Rose v. Whitbeck*, 562 P.2d at 190 (citations omitted). Not only do the Callioux fail to raise any evidence of Progressive's active enforcement of the law, but the affidavits of Lorraine Collins, a claims adjuster for Progressive, and R. Don Brown, Sevier County Attorney, clearly deny any affirmative action on the part of Progressive to prosecute David Callioux. R. Don Brown, in his affidavit, specifically states he "at no time, had any dealings with Progressive Insurance Company or any of its officers, agents or employees, with respect to the prosecution of David Callioux...."

The third element, absence of probable cause, cannot be proven because there were two findings of probable cause in the criminal trial of David Callioux for arson and insurance fraud as previously discussed.

Finally, the fourth element, requiring proof of malice or a purpose other than that of bringing the party to justice, is precluded by Utah Code Ann. § 63-29-24(2) (1987). Pursuant to this section, Progressive was mandated to report any fire of suspicious origin to the State Fire Marshal.

## C. Intentional Infliction of Emotional Distress

 The Callioux' final claim is for intentional infliction of emotional distress. Based upon the facts set out previously, there is no basis for a finding of intentional infliction of emotional distress. *See Samms v. Eccles*, 11 Utah 2d 289, 293, 358 P.2d 344, 346-47 (1961).

Affirmed. Costs to respondents.

GREENWOOD and BENCH, JJ., concur.