2012 UT 52

**Chad JONES, Plaintiff and Appellant,**

v.

**FARMERS INSURANCE EXCHANGE
dba Farmers Insurance Company,
Defendant and Appellee.**

No. 20100951.

Supreme Court of Utah.

Aug. 28, 2012.

L. Rich Humpherys, Karra J. Porter, and Edward T. Wells, Salt Lake City, for appellant.

John R. Lund, Julianne P. Blanch, Murry Warhank, Salt Lake City, for appellee.

Associate Chief Justice NEHRING, opinion of the Court:

## INTRODUCTION

¶ 1 Chad Jones sued his insurance company, Farmers Insurance Exchange, for breach of contract, bad faith breach of contract, and intentional infliction of emotional distress after Farmers denied his claim. Farmers defended by arguing that it did not breach its contract because Mr. Jones's claim was "fairly debatable." Farmers claimed this defense must be resolved through summary judgment. We clarify that the fairly-debatable defense should not be resolved through summary judgment if reasonable minds could differ as to whether the defendant's conduct measures up to the standard required for insurance claim investigations. We therefore reverse and remand.

## BACKGROUND

¶ 2 Mr. Jones was involved in an automobile accident with another driver on October 11, 2001. Mr. Jones was not at fault. In the accident, Mr. Jones injured his back, knee, ankle, and wrist. The at-fault driver had a liability insurance policy limit of $25,000, which Mr. Jones accepted. Mr. Jones was insured by Farmers with an underinsured motorists (UIM) policy limit of $30,000. Mr. Jones made a UIM claim with Farmers in 2005 for the full $30,000 policy limit. Ultimately, the only disputed aspect of the UIM claim was a dental bill for cracked teeth. Mr. Jones visited Richard Hughes, D.M.D., about four years after the accident. Dr. Hughes submitted a report to the insurance company stating that Mr. Jones required extensive dental repair including porcelain onlays to restore five teeth due to fractures; a root canal due to exposure; and six crowns due to premature wear, likely from stress or an altered bite. Dr. Hughes's record states, "These fractures/breaks could have been caused by traumatic force. It was reported by the patient that he was in an automobile accident 4 years ago and injured his mouth. He was aware that he had broken his tooth but was involved with several medical procedures that took precedence."

¶ 3 Farmers sent a letter to Dr. Hughes stating the record "obviously leaves us to question causation." The letter continued, "The purpose of this letter is to get your professional opinion on the cause of Mr.

Jones's teeth damage and to get the following questions answered." The included questions addressed Mr. Jones's dental history, his ability to mitigate damages, and the total cost of the recommended procedures. Farmers' claim summary log documents Dr. Hughes's reply, noting that Dr. Hughes "[s]tates the teeth were cracked during the accident and are still cracked requiring the same treatment regardless of time frame. Approximate cost for recommended treatment is $14,000." According to the log, Dr. Hughes "basically relates [Mr. Jones's] problems to this accident, stating that he would have needed the treatment whether he did it 4 years ago or today." After Farmers discussed Mr. Jones's claim at a meeting, the claim summary activity log states,

> We have no support, other than the insured[']s statement, that the damage to his teeth resulted from this loss. Insured makes no mention of his teeth until he sees the dentist 4 years after the accident; there is no facial trauma noted in the ER report, Dr. Gordon's report or the PT reports. His mouth problems could just have likely been caused by something other than this accident, we don't have enough support to include the $14,000 in future treatment. Will evaluate without.

The log contains an entry the following month noting that Farmers "would have expected multiple fractured teeth to cause some pain or discomfort during the 4 years."

¶ 4 Farmers offered Mr. Jones $5,000 for his UIM claim. Mr. Jones rejected the offer, maintaining that he was entitled to $30,000. The case went to arbitration. The arbitrators determined that the total UIM award that Farmers owed Mr. Jones was $18,500.[1] Farmers satisfied the arbitrators' award.

¶ 5 Mr. Jones then filed a complaint against Farmers alleging bad faith breach of contract, breach of written contract, and in-

tentional infliction of emotional distress. Mr. Jones moved for partial summary judgment on two issues: (1) his claim was not fairly debatable when Farmers denied it and (2) Farmers had no good faith basis for denying his claim that his dental injuries resulted from the accident. Farmers opposed the motion and filed its own motion for summary judgment, arguing before the district court as it does before us that "if an insured cannot establish that it is entitled to summary judgment on the merits of his claim, that means the claim is fairly debatable" thereby relieving the insurer of a duty to pay the insured. The district court granted Farmers' motion for summary judgment. Mr. Jones appealed. We have jurisdiction under Utah Code section 78A–3–102(3)(j).

## STANDARD OF REVIEW

■■■■ ¶ 6 Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[2] Generally, "[w]e review a district court's grant of summary judgment for correctness and afford no deference to the court's legal conclusions."[3]

> Whether an insured's claim is fairly debatable under a given set of facts is also a question of law. See [State v.] Pena, 869 P.2d [932,] 936 [ (Utah 1994) ] ("[T]he effect of a given set of facts is a question of law."). However, because of the complexity and variety of the facts upon which the fairly debatable determination depends, the legal standard under which this determination is made conveys some discretion to trial judges. See id. at 938–39. Therefore, although we will carefully review a trial court's conclusion that an insured's claim is or is not fairly debatable, we will grant the trial court's conclusion some deference. See id.[4]

---

1. Both sides claim the arbitration award vindicated their position. However, neither the amount of the award nor the language in the award letter clearly indicates the arbitrators' position on the validity of Mr. Jones's claim for dental work. We do note that the $18,500 award could cover a $14,000 dental bill.

2. Utah R. Civ. P. 56(c).

3. Salt Lake City Corp. v. Big Ditch Irrigation Co., 2011 UT 33, ¶ 18, 258 P.3d 539.

4. Billings ex rel. Billings v. Union Bankers Ins. Co., 918 P.2d 461, 464 (Utah 1996) (fourth alteration in original). We note, as discussed infra ¶ 9, that Billings involved a case that was not fairly debatable as a matter of law and was therefore properly submitted to the jury. See id. at 468.

## ANALYSIS

### I. WHEN AN INSURER RAISES THE FAIRLY–DEBATABLE DEFENSE, THE CASE MAY PRESENT QUESTIONS OF FACT FOR THE JURY

¶7 Farmers defended against Mr. Jones's causes of action by arguing that his UIM claim was fairly debatable. As we explained in *Beck v. Farmers Insurance Exchange,* an insurer's "implied obligation of good faith performance contemplates, at the very least, that the insurer will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling the claim." [5] But "when an insured's claim is fairly debatable, the insurer is entitled to debate it and cannot be held to have breached the implied covenant [of good faith] if it chooses to do so." [6] This is because the duties imposed by the implied covenant of good faith "plainly indicate that the overriding requirement imposed ... is that insurers act reasonably, as an objective matter, in dealing with their insureds." [7] Therefore, an insurer cannot be held to have breached the covenant of good faith "on the ground that it wrongfully denied coverage if the insured's claim, although later found to be proper, was fairly debatable at the time it was denied." [8]

¶8 Farmers argues on appeal, as it did below, that "if an insured cannot establish that [he] is entitled to summary judgment on the merits of his [bad faith] claim, that means the claim is fairly debatable." Such a rule would require that all bad faith claims against insurance agencies be resolved through summary judgment if the insurer raises the fairly-debatable defense. As authority for its position, Farmers cites Utah case law stating that " '[i]f the evidence presented creates a factual issue as to the claim's validity, there exists a debatable reason for denial, ... eliminating a bad faith claim.' " [9] But this language articulates the standard for success on a bad faith or breach of contract cause of action, not the standard for summary judgment. Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. "A genuine issue of fact exists where, on the basis of the facts in the record, reasonable minds could differ on whether defendant's conduct measures up to the required standard." [10] Furthermore, summary judgment "should be granted only when it clearly appears that there is no reasonable probability that the party moved against could prevail." [11]

¶9 It is not the law in Utah that, when the insurance company argues a claim was fairly debatable, the case must be resolved by the court as a matter of law. *Billings ex rel. Billings v. Union Bankers Insurance Co.,* for example, presented a question of fact for the jury although the insurance company had raised the fairly-debatable defense, the insured had lost a motion for summary judgment, and the insurance company had moved for a directed verdict. [12] In that case, we rejected the insurance company's argument that the bad faith claim was fairly debatable as a matter of law and affirmed the jury verdict finding the insurance company liable for breach of contract and breach of the implied covenant of good faith. [13]

¶10 Furthermore, Mr. Jones notes that other jurisdictions have determined that a rule requiring summary judgment is unwork-

**5.** *Beck v. Farmers Ins. Exch.,* 701 P.2d 795, 801 (Utah 1985).

**6.** *Billings ex rel. Billings v. Union Bankers Ins. Co.,* 918 P.2d 461, 465 (Utah 1996).

**7.** *Id.*

**8.** *Id.*

**9.** *Prince v. Bear River Mut. Ins. Co.,* 2002 UT 68, ¶34, 56 P.3d 524 (alterations in original) (quoting *Callioux v. Progressive Ins. Co.,* 745 P.2d 838, 842 (Utah Ct.App.1987)).

**10.** *Jackson v. Dabney,* 645 P.2d 613, 615 (Utah 1982) (reversing summary judgment for defendant-attorney in a malpractice case).

**11.** *Snyder v. Merkley,* 693 P.2d 64, 65 (Utah 1984).

**12.** 918 P.2d at 463–64.

**13.** *Id.* at 466–68.

able. He refers us to the Supreme Court of Rhode Island, which held that "the directed verdict standard of proof in [bad faith cases hinging on issues of fact] is unworkable and unjust[,] a situation that has been recognized in other jurisdictions." [14] In the Rhode Island case, the insured maintained that he had told the claims inspector that the underinsured vehicle caused his injuries but the claims inspector denied ever receiving this information from him. The Rhode Island Supreme Court noted that such a situation

> is precisely the type of disputed oral conversation that defies application of the directed verdict/[judgment as a matter of law] on the contract-claim standard as a measure of the existence of insurer bad faith, and is rightfully a question for the fact-finder. The mere existence of this factual dispute should not defeat a claim for insurer bad faith.[15]

¶ 11 There is a notable distinction between a factual dispute about the validity of the underlying insurance claim and a factual dispute about what information the insurance company used to deny the claim. Mr. Jones alleges in his case that, based on the information Farmers indisputably had, it should have granted his claim or conducted further investigation before denying it. There is little dispute about what information Farmers used to deny Mr. Jones's claim.[16] The disputed facts, therefore, involve the question of whether Farmers' conduct measured up to the required standard of good faith and fair dealing.

¶ 12 We take this opportunity to clarify that a bad faith claim need not be resolved on summary judgment whenever an insurance company argues that the claim was fairly debatable. Summary judgment is only appropriate if, viewing "the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party," [17] "the moving party is entitled to a judgment as a matter of law." [18] An analysis of whether an insurance claim is fairly debatable is closely related to an analysis of whether an insurer fulfilled its duty under *Beck*[19] to evaluate the claim fairly. When making the determination of whether a claim is fairly debatable, a judge should remain mindful of an insurer's implied duties to diligently investigate claims, evaluate claims fairly, and act reasonably and promptly in settling or denying claims. Only when "there [is] a legitimate factual issue as to the validity of [the insured's] claim," [20] such that reasonable minds could not differ as to whether the insurer's conduct measured up to the required standard of care, should the court grant judgment as a matter of law.

## II. MR. JONES'S CASE PRESENTS TRIABLE ISSUES OF FACT

¶ 13 Having clarified that not all cases involving the fairly-debatable defense can be resolved as a matter of law, we turn to the facts of Mr. Jones's case. The district court granted Farmers' motion for summary judgment after hearing argument on whether Mr. Jones's claim was fairly debatable. Normally, the district court's conclusion would be

---

**14.** *Skaling v. Aetna Ins. Co.*, 799 A.2d 997, 1003 (R.I. 2002).

**15.** *Id.* at 1014.

**16.** There is some dispute about whether Mr. Jones complained of a head injury prior to his visit with Dr. Hughes. Farmers states that Mr. Jones never complained of tooth-related pain or injury in the ambulance, the emergency room, subsequent doctor visits, or an initial application for insurance benefits. Mr. Jones cites two medical records that he claims support a head, neck, or jaw injury. One medical record contains handwriting under the assessment section that Farmers believes reads "c/o pain upper thoracic area 'heard crack' ..." Mr. Jones alleges that the

writing reads, "head crack." Another medical record contains a pain drawing grid assessment. Mr. Jones circled the back and shoulders area of the diagram with a circle that includes the back of his head. Mr. Jones drew pain descriptors for aching, pins and needles, and other pain on the back and shoulders but did not draw any pain descriptors on the head.

**17.** *Ault v. Holden*, 2002 UT 33, ¶ 15, 44 P.3d 781 (internal quotation marks omitted).

**18.** Utah R. Civ. P. 56(c).

**19.** 701 P.2d at 801.

**20.** *Prince*, 2002 UT 68, ¶ 35, 56 P.3d 524.

entitled to some deference.[21] However, the district court based its ruling largely on the legal conclusion that if the plaintiff could not prevail on summary judgment, then summary judgment must be granted for the defendant. Mr. Jones's attorney asked the court to certify the ruling denying his motion for summary judgment if it were not a final, appealable order; the district court then told Mr. Jones's attorney that it would grant Farmers' motion, which would simplify the appeal. This case therefore is more like a traditional appeal from a grant of summary judgment, which we review for correctness.[22]

¶ 14 Utah case law provides examples of insurance claims that were fairly debatable as a matter of law. In *Prince v. Bear River Mutual Insurance Co.*, we determined that "there was a legitimate factual issue as to the validity of [the insured's] claim." [23] In that case, we affirmed summary judgment for an insurance company that had relied on an expert medical opinion to deny a claim.[24] The insurance company's expert had determined that some of the chiropractic care the insured claimed was not medically necessary.[25] We held that "the expert's report create[d] a legitimate factual question regarding the validity of an insured's claim for benefits, making the insured's claim at least fairly debatable." [26] In *Callioux v. Progressive Insurance Co.*, the court of appeals determined that the plaintiff's automobile insurance policy claim for total loss of the vehicle was fairly debatable as a matter of law because, following investigations by the insurance company as well as the county attorney, the insured had been bound over for trial on charges of arson relating to the vehicle.[27] Although the trial resulted in acquittal, the insurance company's prompt payment following the verdict was further

indication that the insurance company had denied the claim in good faith.[28]

¶ 15 Mr. Jones's insurance claim for dental work is distinguishable from the claims in *Prince* and *Callioux.* Viewing the facts and all reasonable inferences in the light most favorable to Mr. Jones, we cannot say that reasonable minds could not differ on whether his claim was fairly debatable. Farmers argues that Mr. Jones's claim is fairly debatable because he did not report injuring his mouth to paramedics, emergency personnel, medical providers, or the at-fault driver's insurance company. Therefore, Farmers argues, "Dr. Hughes' statements [regarding the cause of the tooth damage] were based on Mr. Jones misrepresenting ... that he had hurt his mouth in the accident and knew he had broken a tooth in the accident." An insurer is entitled to question the credibility of its clients. Mr. Jones's failure to make earlier complaints regarding the mouth injury throws his credibility into question, but it does not destroy it completely, especially considering the other injuries Mr. Jones sustained in the accident. Reasonable minds could differ regarding whether Mr. Jones's failure to complain of tooth damage earlier rendered his claim fairly debatable.

¶ 16 Farmers next argues that "an insurer may refute the shaky opinion of a doctor with logic and common sense." Farmers' insurance claim log documented that the company doubted Mr. Jones's claim based on an "expect[ation that] multiple fractured teeth [would] cause some pain or discomfort during the [four] years [, i.e .,] cold drinks, chewing, etc." On appeal, Farmers argues that "Mr. Jones's unprecedented, self-serving remark that he had hurt his mouth in the accident and knew he broke his tooth" is insufficient to connect his mouth injury to the accident, even though Dr. Hughes confirmed Mr.

21. *Billings ex rel. Billings v. Union Bankers Ins. Co.*, 918 P.2d 461, 464 (Utah 1996) ("[B]ecause of the complexity and variety of the facts upon which the fairly debatable determination depends, the legal standard under which this determination is made conveys some discretion to trial judges.").

22. *See Salt Lake City Corp. v. Big Ditch Irrigation Co.*, 2011 UT 33, ¶ 18, 258 P.3d 539.

23. 2002 UT 68, ¶ 35, 56 P.3d 524.

24. *Id.* ¶¶ 35–36.

25. *Id.* ¶ 35.

26. *Id.*

27. 745 P.2d 838, 839–40 (Utah Ct.App.1987).

28. *Id.* at 842.

Jones's account. Reasonable minds could differ as to whether this reasoning is consistent with Farmers' duties to conduct a diligent investigation and evaluate claims fairly.[29] Insurers are entitled to use common sense, but in this case the insurer's common sense conflicted with the only medical opinion it possessed relating to Mr. Jones's teeth. Farmers counters that the claim was fairly debatable because a second medical opinion is not required "to point out the obvious." But Dr. Hughes replied to Farmers' inquiries by stating that "the teeth were cracked during the accident and are still cracked." After such a response from a medical expert, a jury could find that Farmers should not have considered it obvious that a person with multiple injuries would seek treatment for cracked teeth without delay. We hold that Mr. Jones has presented a factual question for the jury regarding whether Farmers evaluated his claim fairly under the standard articulated in *Beck*.[30]

¶ 17 Because we hold that Mr. Jones's claim was not fairly debatable as a matter of law and instead presented triable issues of fact, we do not reach the issue of whether an insurer can breach its duties of good faith and fair dealing even if the claim was fairly debatable as a matter of law.

## CONCLUSION

¶ 18 Claims that insurers have breached the implied covenant of good faith and fair dealing cannot always be determined as a matter of law, even when the insurer alleges that the insurance claim was fairly debatable. Mr. Jones's allegations that Farmers handled his claim in bad faith present triable issues of fact. We reverse the district court's grant of summary judgment and remand for further proceedings.

Associate Chief Justice NEHRING authored the opinion of the Court, in which

Chief Justice DURRANT, Justice DURHAM, Justice PARRISH, and Justice LEE joined.

29. *See Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 801 (Utah 1985) ("[W]e conclude that the implied obligation of good faith performance contemplates, at the very least, that the insurer will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling the claim.").

