MORITZ, Circuit Judge,
dissenting:
I read Wheeler’s opening brief to raise a single challenge to the district court’s ruling that the Policy doesn’t cover the short-term damage to the cabin: Wheeler asserts that the district court erred in overlooking a genuine dispute of material fact. In support, Wheeler points to his expert’s opinion that “the water damage to walls, cabinets, and other water[-] absorbing materials was beyond repair within less than a week.” Aplt. App. 143. And in light of this evidence, Wheeler argues, the district court erred when it concluded that it was impossible “to determine exactly what amount of damage would have occurred in the first few hours and days” of the leak. Id. at 153.
Wheeler is correct that the district court erred when it suggested a reasonable jury would be unable to attribute at least some of the damage to the first 13 days of the leak. But as I read the district court’s order, this erroneous factual finding is only one of the two independent bases the district court provided for granting Allstate’s motion for summary judgment. And while I agree with the majority that Wheeler successfully challenges the first of these two independent bases for the district court’s ruling, I would find that Wheeler fails to acknowledge—let alone challenge— the second.
In granting Allstate’s motion for summary judgment, the district court began by framing the question before it as whether the Policy “should cover any of the damage to [the] cabin.” Aplt. App. 137 (emphasis added). The district court then clarified its understanding of Wheeler’s position, stating, “[Wheeler] is only seeking *776 relief for the [short-term] damage” to the cabin. Id. at 145. Based on this language, it is clear that the district court understood Wheeler to be arguing that Exclusion 3 doesn’t apply to damage that occurs within the first 13 days of a leak if that leak ultimately persists for 14 days or more.
Critically, the district court then explicitly (and repeatedly) rejected this interpretation of Exclusion 3 as a matter of law. For instance, the court stated that it “disagree[d] with [Wheeler’s] attempt to persuade the [c]ourt to construe the language [of Exclusion 3] in a more subtle, fine-tuned manner that favors .,. recovery and ignores the contract’s plain language.” Id. at 146. And it ruled that Exclusion 3 isn’t “fairly susceptible to the interpretation [Wheeler] suggested].” Id. at 148. In other words, the district court unambiguously ruled that when a leak lasts 14 days or more, Exclusion 3 applies to all of the damage the leak causes—even the damage that occurs within the first 13 days: the district court stated, “The policy language works to preclude coverage for exactly the type of damage that occurred in this case....” Id. at 153.
The majority correctly points out that the district court also stated that it found it “difficult if not impossible ... to determine exactly what amount of damage would have occurred in the first few hours and days” of the leak. Maj. Op. 762 (quoting Aplt. App. 153). But in my opinion, the district court made it clear that this factual finding constituted an alternative basis for its ruling that Wheeler isn’t entitled to coverage. See Aplt. App. 153 (reiterating that “[i]n addition” to its factual finding, the district court was also granting Allstate’s motion based on its independent legal conclusion that Exclusion 3 applies to all damage—including short-term damage—that occurs when a leak ultimately lasts 14 days or more (emphasis added)).
Thus, I read the district court’s order to provide two independent bases for granting Allstate’s motion for summary judgment: (1) a reasonable jury would be unable to discern what damage occurred within the first 13 days of the leak, and (2) even assuming that a reasonable jury could make such a factual finding, Exclusion 3 would nevertheless unambiguously operate to preclude coverage for the short-term damage.
But Wheeler doesn’t even acknowledge this second aspect of the district court’s ruling in his opening brief, let alone attempt to challenge it.[1] Accordingly, even *777 assuming that the district court erred in finding that it would be impossible for a jury to separate the short-term damage from the long-term damage, I would affirm the district court’s order granting summary judgment to Allstate on Wheeler’s breach of contract claim. See Bones v. Honeywell Int'l, Inc., 366 F.3d 869, 877 (10th Cir. 2004) (explaining that because plaintiff failed to challenge both of district court’s two independent grounds for granting' summary judgment to defendant, court didn’t need to address plaintiffs challenge to first of those two independent grounds; even if plaintiff “prevailed] on that issue, the grant of summary judgment to [defendant] would still stand on the alternative ground which was not appealed”).
Moreover, because Wheeler doesn’t adequately challenge the district court’s ruling that Exclusion 3 applies to both the short- and long-term damage to the cabin, I would affirm the district court’s order granting summary judgment to Allstate on Wheeler’s breach of contract claim without ever asking whether Exclusion 7 also applies to defeat coverage for the short-term loss.
Alternatively, even assuming that Wheeler has adequately challenged the district court’s ruling that Exclusion 3 applies to preclude coverage for the short-term loss to the cabin, I would nevertheless affirm. Exclusion 3 applies to property loss “caused by ... [sjeepage, meaning continuous or repeated seepage or leakage [of water] over a period of weeks, months, or years.” Aplee. App. 312-13 (emphasis added). This language unambiguously encompasses damage that occurs at any time within that “period of weeks, months, or years”—including, critically, the first 13 days. Id. at 313.
Wheeler’s interpretation of the Policy implicitly invites us to not only read out of Exclusion 3 the language “over a period of,” id., but also to read into Exclusion 3 additional language that doesn’t appear there—i.e., language .indicating that Exclusion 3 applies only to loss (caused by seepage or leakage) that occurs after the seepage or leakage has lasted for at least two weeks.
I would decline this invitation. Instead, because Wheeler seeks coverage for property loss caused by a leak that unquestionably occurred “over a period” of two weeks or more, I would hold that Exclusion 3 unambiguously applies to all of the damage the leak caused, including the damage that occurred during the first 13 days of the multi-week “period” during, which the leak ultimately persisted. Id. (emphasis added); see Quaid v. U.S. Healthcare, Inc., 158 P.3d 525, 527 (Utah 2007) (explaining that when language of exclusion is unambiguous, court will afford that language its ordinary meaning, even if the result is to deny coverage).
Finally, because Wheeler fails to demonstrate that he was entitled to coverage, I would hold that the district court didn’t err in granting summary judgment to Allstate on Wheeler’s claim for breach of the covenant of good faith and fair dealing. See Jones v. Farmers Ins. Exch., 286 P.3d 301, 304 (Utah 2012) (“[W]hen an insured’s claim is fairly debatable, the insurer is entitled to debate it and cannot be held to have breached the implied covenant [of good faith] if it chooses to do so.” (second alteration in original) (quoting Billings ex rel. Billings v. Union Bankers Ins. Co., 918 P.2d 461, 465 (Utah 1996))). Because Wheeler fails to demonstrate that he’s en *778 titled to coverage, the validity of his claim was necessarily “fairly debatable,” and Allstate was therefore “entitled to debate it.” Id. (quoting Billings, 918 P.2d at 465).

. The majority opinion nevertheless undertakes an analysis of the district court’s legal conclusion that Exclusion 3 doesn’t apply to short-term damage when a leak lasts at least 14 days. For instance, the majority reasons that any damage that occurs within the first 13 days of such a leak isn’t "caused by leakage over a period of 14 days or longer.” Maj. Op, 767. And the majority addresses and attempts to distinguish the cases the district court relied on in rejecting Wheeler’s assertion that Exclusion 3 doesn’t apply to short-term damage caused by a leak that ultimately lasts at least 14 days. See id. at 767-69.
As discussed below, see infra at 775-78, I disagree with the majority’s interpretation of Exclusion 3, see Maj. Op. 767-68. But more significantly, I disagree with the majority’s decision to reach that interpretation (and to ultimately reverse the district court’s decision) based on an analysis that doesn’t appear anywhere in Wheeler’s opening brief. When an appellant fails to “explain what was wrong with the reasoning that the district court relied on in reaching its decision,” we typically decline to do that work on the appellant’s behalf. Nixon v. City & Cty. of Denver, 784 F.3d 1364, 1366 (10th Cir. 2015) (noting that "[t]he first task of an appellant is to explain to us why the district court's decision was wrong”; affirming judgment below because "reasons that were given by the district court” for its ruling went "unchallenged” by appellant); see Bronson v. Swensen, 500 F.3d 1099, 1104 (10th Cir. 2007) (noting that we routinely decline "to consider arguments that *777 are not raised, or are inadequately presented”). I see no compelling reason to depart from that typical practice here.