578 So.2d 385 (1991)
David RUANO, Appellant,
v.
WATER SPORTS OF AMERICA, INC., Appellee.
No. 90-1651.
District Court of Appeal of Florida, Third District.
April 16, 1991.
Klemick & Gampel and Herman M. Klemick, Miami, for appellant.
Welcher & Clark, Kubicki, Draper, Gallagher & McGrane and Gail Leverett, Miami, for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.
BARKDULL, Judge.
The plaintiff appeals from the entry of an adverse Final Summary Judgment in favor of the Water Sports of America, Inc.
In June, 1988, Nelson Atan (age 14) and his brother rented a "wave jammer" (a jet ski that requires the operator to remain seated) from the defendant, Water Sports of America, Inc. (WSA). No driver's license was required or requested of Atan and his brother, who were given instructions on how to operate the craft and provided with rudimentary safety precautions. Additionally, Atan was instructed to stay away from the swimming area.
The plaintiff was sitting in the water, approximately five to eight feet from shore, in that part of Biscayne Bay that is adjacent to the Rickenbacker Causeway. Ruano was within the established swimming area when the "wave jammer", owned by WSA, hit him in the head, knocked him out for a few seconds, lacerated his ear and caused other injuries to his body.
The plaintiff filed an action against WSA, alleging that WSA had negligently entrusted the "wave jammer" to Atan. WSA moved for Summary Judgment on the grounds that section 327.54, Florida Statutes *386 (1987),[1] operates as a complete defense and that the facts do not support a claim of negligent entrustment as a matter of law. The trial court granted the Motion for Summary Judgment and this appeal ensued.
The trial court properly entered Summary Judgment because section 327.54, Florida Statutes (1987), provides a complete defense, thus relieving the defendant from liability. The statute provides that the liability of a commercial lessor ceases upon compliance with the statutory safety requirements. The statute supplants the common law theories of vicarious liability and negligent entrustment. Moreover, even if the statute does not constitute a defense for negligent entrustment, there is no view of the facts which supports such a claim. For a claim of negligent entrustment to properly lie, the defendant must be negligent (i.e., he knew or should have known) at the time of the initial entrustment, not after the fact. See Mullins v. Harrell, 490 So.2d 1338 (Fla. 5th DCA 1986). Thus, there was no negligent entrustment as a matter of law. The Summary Judgment must be affirmed.
Affirmed.
NOTES
[1] Section 327.54, Florida Statutes (1987) reads in part as follows: "(4) When the livery has complied with subsections (1) and (2), its liability ceases and a person leasing the vessel from the livery is liable for any violations of this chapter and is personally liable for any accident or injury occurring while in charge of such vessel." No contention is made that the lessor did not comply with subsections (1) and (2).