PER CURIAM.
The question presented in the instant appeal is whether coverage exists under appellee Johnson’s homeowners policy for injuries and damage arising out of the operation of Johnson’s Yamaha Wave Runner. The instant policy provides that personal liability coverage does not apply to bodily injury or property damage arising out of the ownership, maintenance, or use of a watercraft “designated as an airboat, air cushion, jet ski or similar type of craft.”
In July 1988, Johnson purchased two Yamaha Wave Runners. In October 1988, one of Johnson’s Wave Runners was involved in an accident causing personal injuries. Johnson sought coverage under his homeowners policy; however, State Farm denied coverage based on the exclusion set forth above. Johnson then filed a declaratory judgment action, asserting that his Wave Runner was not a “jet ski or similar type of craft.”
The trial court concluded that the Wave Runner was not excluded from coverage. The trial court determined that when State Farm placed the term “jet ski” in its policy in 1984, the Kawasaki Jet Ski models, which only could be operated from a standing position, were the only such crafts in existence. In finding that the Wave Runner was not excluded from coverage, the trial court focused on its utilization. The trial court placed great emphasis on the fact that Johnson’s Wave Runner, quite unlike the Kawasaki Jet Skis produced in 1984, could be operated from a sitting position and could be used as a boat tender. While the trial court did acknowledge many similarities between the Kawasaki Jet Ski, the Yamaha Wave Runner, and other types of craft propelled by a water jet pump, the trial court concluded that the Wave Runner was designed to be “an older person’s or family type vessel rather than a young person’s vessel.” Based upon this perceived difference in utilization, the trial court concluded that the policy failed clearly to exclude coverage for a Wave Runner. The trial court found that State Farm should have amended its policy to include the term “personal watercraft” as defined in section 327.02(33), Florida Statutes (1989). The legislature’s definition of personal watercraft covers all vessels with an inboard motor powering a water jet pump designed to be operated by a person in a sitting, standing, or kneeling position.
We find the trial court’s distinction based on utilization uncompelling and reverse the declaratory judgment entered in favor of Johnson. The evidence presented at trial conclusively established that the Kawasaki Jet Ski and the Yamaha Wave Runner are similar craft. Even before Johnson purchased his Wave Runner, Kawasaki manufactured a Jet Ski model that could be operated from a sitting position and could come to a dead stop in the water without sinking. In 1988, Kawasaki manufactured the Jet Ski TS, which is virtually identical to the Wave Runner purchased by Johnson that same year. The sale brochures, which were entered into evidence at trial, demonstrate that the two crafts function in the same manner — both are shown floating in the water next to large boats and racing through the water at high speeds. The average person could not differentiate between a Kawasaki Jet Ski and a Yamaha Wave Runner. Consequently, the trial court’s finding that the two crafts are dissimilar is not supported by competent substantial evidence.
The term “jet ski” is often used as a generic term for all personal watercraft despite the fact that it is a registered trademark of Kawasaki. For example, in Ruano v. Water Sports of America, Inc., 578 So.2d 385 (Fla. 3d DCA 1991), the court described a “wave jammer” (which is manufactured by Yamaha) as a “jet ski that requires the operator to remain seated.” (Emphasis added). Although the trial court concluded that State Farm should have “kept up” with the modern terminolo *1164 gy and inserted the term personal watercraft into its homeowners policies, that factor alone does not support the trial court’s erroneous determination that coverage exists for Johnson’s Wave Runner. The language contained within the policy is not ambiguous and the record demonstrates that the Yamaha Wave Runner is, at the very least, similar to the Kawasaki Jet Ski. The trial court’s minor distinctions between the utilization of each craft does not render them dissimilar. They look alike, are powered alike, and are driven alike. Accordingly, we reverse the declaratory judgment entered in favor of Johnson and remand for further proceedings consistent with this opinion.
DOWNEY, GUNTHER, JJ., and WALDEN, JAMES H., Senior Judge, concur.