1999 UT 95

Raphael MORRIS, Jr., and Gregory Morris, Plaintiffs and Appellants,

v.

HEALTH NET OF CALIFORNIA, INC., Defendant and Appellee.

No. 980163.

Supreme Court of Utah.

Oct. 5, 1999.

M. David Eckersley, Salt Lake City, for plaintiff.

Jack L. Schoenhals, Salt Lake City, for defendant.

HOWE, Chief Justice:

¶1 Plaintiffs Raphael Morris, Jr. ("Morris"), and Gregory Morris appeal from the trial court's grant of partial summary judgment ruling that defendant Health Net of California, Inc., was not liable for breach of the covenant of good faith and fair dealing.

## BACKGROUND

¶2 Morris, a school teacher, resides in Oakland, California, where he works for the Oakland Unified School District ("School District"). Health Net, a California Health Maintenance Organization under an agreement with the School District, provided health care benefits to School District employees and their families, including Morris and his two sons. Under this agreement, Health Net, through a number of approved physicians, would provide certain prepaid health care benefits. Health Net also agreed to provide reimbursement for emergency "out-of-area" services in limited circumstances.[1]

¶3 Morris's two sons resided with their mother, Carol Morris, in Salt Lake City, Utah. On October 23, 1992, after experiencing vision problems with his left eye, Morris's son, Gregory, went to an eye specialist for examination and treatment. Gregory endured several months of treatment and numerous tests, including blood tests and a

---

1. The "Evidence of Coverage" ("EOC") booklet Health Net provided to School District employees defined "out-of-area" services as services provided outside a 30–mile radius from Morris's primary care physicians. Furthermore, the plan defined "emergency services" as those services "provided in connection with an emergency, which is a sudden, serious and unexpected illness, injury or condition, including severe pain, requiring immediate medical attention."

vitrectomy.[2] Gregory's Salt Lake City physicians eventually concluded that because the malignant cells could potentially spread, it was urgent that Gregory undergo an enucleation.[3] Following the enucleation, Health Net denied reimbursement for either the vitrectomy or the enucleation on the basis that the procedures were not covered by the EOC emergency services clause. Morris subsequently filed this action seeking, first, reimbursement of the medical expenses and, second, damages for breach of the covenant of good faith and fair dealing.

¶ 4 Both Morris and Health Net moved for summary judgment on the question of whether Gregory's surgery was an emergency treatment. The trial court denied the parties' cross-motions for summary judgment, ruling that "[g]enuine issues of material fact preclude summary judgment for either party." Soon thereafter, Health Net moved for partial summary judgment, arguing that under Utah law, the existence of genuine issues of material fact made Morris's benefits claim "fairly debatable" and precluded a cause of action for breach of the covenant of good faith and fair dealing. The trial court granted Health Net's motion. The remainder of the case was tried to a jury; the jury found that the enucleation was an emergency service and awarded expenses accordingly. Morris now brings this appeal.

¶ 5 The issues Morris raises on appeal are: whether the trial court erred in (1) applying Utah case law to an alleged breach of the covenant of good faith and fair dealing and (2) granting Health Net partial summary judgment on the question of breach of the covenant of good faith and fair dealing. Both issues present questions of law which we review for correctness without deference to the decisions of the trial court. *See* Utah R. Civ. P. 56(c); *American Nat'l Fire Ins. Co. v. Farmers Ins. Exch.*, 927 P.2d 186, 188 (Utah 1996). We will address each issue in turn.

2. A vitrectomy is the taking of a biopsy of the fluid within the eye.

3. Enucleation is the removal of an eyeball in its entirety.

## ANALYSIS

¶ 6 Morris seeks to recover tort and contract damages for Health Net's alleged breach of the covenant of good faith and fair dealing. He asserts that the trial court erroneously applied Utah law to this portion of his case when California law actually governed. In *American National*, we observed that "'a choice-of-law problem arises whenever a contract has a substantial relationship to two or more states with different local law rules on the subject.'" 927 P.2d at 188 (quoting Restatement (Second) Conflict of Laws § 205 cmt. a (1971)).

¶ 7 Health Net asserts that the existence of a factual dispute makes a claim "fairly debatable," thereby precluding an action for breach of the covenant of good faith and fair dealing. We agree that under Utah law, "when an insured's claim is fairly debatable, the insurer is entitled to debate it and cannot be held to have breached the implied covenant if it chooses to do so." *Billings v. Union Bankers Ins. Co.*, 918 P.2d 461, 465 (Utah 1996) (citations omitted); *see also S.W. Energy Corp. v. Continental Ins. Co.*, 974 P.2d 1239, 1243 (Utah 1999). Morris asserts, however, that California law is applicable to the present case. He argues that California law does not allow the "fairly debatable" defense, but would hold Health Net to a higher standard.

¶ 8 We are therefore obliged to determine what law applies to the case at hand. We have held that the "most significant relationship" test, explained in Restatement (Second) Conflict of Laws section 188 is the "appropriate rule for Utah courts to apply to a conflict of laws question in a contract dispute." *American National*, 927 P.2d at 190. The Restatement provides:

(1) The rights and duties of the parties with respect to an issue in contract are determined by *the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties* under the principles stated in § 6.[4]

4. Restatement (Second) Conflict of Laws § 6 outlines choice-of-law principles for courts to follow.

(2) In the absence of an effective choice of law by the parties ..., the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place of contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicile, residence, nationality, place of incorporation and place of business of the parties.

Restatement (Second) Conflict of Laws § 188 (1971) (emphasis added). Thus, the trial court correctly applied Utah law *only* if Utah has the most significant relationship to the transaction and the parties in this case.

¶ 9 Two California entities, the School District and Health Net, negotiated and entered into the contract at issue in California. The primary subject matter of the contract was the provision of medical services in California to School District employees. Morris, a resident of California, and his two sons were beneficiaries of the contract. These facts show a significant relationship between California and the contract. The only connection between Utah and the contract is the fact that Gregory happened to be residing in Utah at the time when his claim for benefits under the contract arose. Because California has a more significant relationship to the transaction and the parties than does Utah, California law should apply in this case. Accordingly, we hold that the trial court erroneously applied Utah law to Morris's breach of the covenant of good faith and fair dealing argument.

¶ 10 Morris also assigns as error the trial court's grant of Health Net's summary judgment motion. Summary judgment is appropriate only where no disputed issue of material fact is present and the moving party is entitled to judgment as a matter of law. *See* Utah R. Civ. P. 56(c); *Utah Farm Bureau Ins. Co. v. Crook*, 980 P.2d 685, 686 (Utah 1999); *American Nat'l*, 927 P.2d at 188. The trial judge determined that because Morris's claim was "fairly debatable," his cause of action for breach of the covenant of good faith and fair dealing was precluded, and ruled that as a matter of law Health Net was entitled to partial summary judgment.

¶ 11 Again, while Utah law recognizes the "fairly debatable" defense to actions for the breach of the covenant of good faith and fair dealing, Utah law is irrelevant on this point. California law, not Utah law, should apply; thus, the trial court applied an incorrect legal standard to Morris's action. We therefore reverse the trial court's grant of partial summary judgment and remand the case to the trial court for a determination of Morris's claim of breach of the covenant of good faith and fair dealing under California law.

¶ 12 Associate Chief Justice DURHAM, Justice STEWART, Justice ZIMMERMAN, and Justice RUSSON concur in Chief Justice HOWE's opinion.

